*TERRY A. DAKE, LTD.*
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (480) 368-5199
Facsimile: (480) 368-5198
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | In Chapter 7 Proceedings |
| GARY A. MARTINSON,<br>RONNA L. MARTINSON, | Case No. 2:09-BK-33841-RJH |
| Debtors. | |

**NOTICE OF BAR DATE FOR OBJECTIONS TO TRUSTEE'S MOTION**

  **PLEASE TAKE NOTICE** that the trustee has filed the attached motion with the Court. Your rights may be affected by this motion.

  You should read these papers carefully, and discuss them with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

  If you do not want the Court to grant the trustee's motion, or if you want the court to consider your views on the trustee's motion, then on or before **July 2, 2010**, you or your attorney must file with the Court a written response setting forth your concerns and requesting a hearing on the trustee's motion. Your response must be filed with the Court at:

    **Clerk Of The Court**
    **United States Bankruptcy Court**
    **230 N. First Ave.**
    **Ste. 101**
    **Phoenix, Arizona 85003-1706**

  If you mail your response to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail or e-mail[1] a copy of your response to the attorney for the trustee at:

>Terry A. Dake, Esq.
>***TERRY A. DAKE, LTD.***
>11811 North Tatum Boulevard
>Suite 3031
>Phoenix, Arizona 85023-1621
>tdake@cox.net

If you or your attorney do not take these steps, the Court may decide that you do not oppose the trustee's motion and may enter an order that grants the trustee's motion without further notice or hearing.

DATED June 8, 2010.

>***TERRY A. DAKE, LTD.***
>
>
>By /s/ TD009656
>   Terry A. Dake
>   11811 North Tatum Boulevard
>   Suite 3031
>   Phoenix, Arizona  85028-1621
>   Attorney for Trustee

---

[1] E-mailed papers must be in pdf format.

1 **TERRY A. DAKE, LTD.**
**11811 North Tatum Boulevard**
2 **Suite 3031**
**Phoenix, Arizona 85028-1621**
3 **Telephone: (480) 368-5199**
**Facsimile: (480) 368-5198**
4 **tdake@cox.net**

5 **Terry A. Dake - 009656**

6 Attorney for Trustee

7 **IN THE UNITED STATES BANKRUPTCY COURT**

8 **FOR THE DISTRICT OF ARIZONA**

9 In re:                           )   In Chapter 7 Proceedings
                                   )
10 GARY A. MARTINSON,              )
   RONNA L. MARTINSON,             )   Case No. 2:09-BK-33841-RJH
11                                 )
                  Debtors.         )
12 _____)

13 **MOTION TO APPROVE SALE OF ASSETS**

14 The trustee moves this Court for the entry of an order
15 approving a sale of assets of the estate. The trustee's motion is more
16 fully set forth in and is supported by the following Memorandum Of
17 Points And Authorities.

18 DATED June 8, 2010.

19                                      *TERRY A. DAKE, LTD.*

20                                      By /s/ TD009656
                                            Terry A. Dake
21                                          11811 North Tatum Boulevard
                                            Suite 3031
22                                          Phoenix, Arizona 85028-1621
                                            Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

The trustee has received from Asset Group[1] an offer to purchase all assets of the estate, with certain limited exceptions. The assets to be sold include all tangible and intangible personal property of the estate, and all real property of the estate, excluding any exempt assets of the debtors,[2] and all avoidance rights of the estate under 11 U.S.C. §§544-551. Other than the exempt assets of the debtors, the only other assets which are excluded from this sale are the following items:

1. All cash currently held by the trustee.
2. All amounts due to the estate by Lohman Company, PLLC

The purchase price for these assets will be $250,000.00. Further, the estate shall retain the right to be paid 10% of the net recovery on any of these assets, after the purchaser has first recovered $250,000.00 from the assets. The "net recovery" shall be defined as the gross recovery less attorneys' fees and costs incurred in connection with the recovery and liquidation of any of the assets.

The buyer shall have complete control over the methods and procedures employed to recover on any of the assets purchased. However, any settlements shall require approval by this Court. The trustee may object to the reasonableness of any proposed settlement and this Court

---

[1] The final purchaser may be an assignee of Asset Group. Asset Group is an unincorporated association comprised of the plaintiffs in Adv. No. 2:10-ap-00743-RJH.

[2] The trustee has objected to the allowance of certain exemptions. Admin. Docket No. 69. The purchaser will take over the prosecution of the objection and will be entitled to the recovery of any assets which are determined by the Court to be non-exempt.

shall retain jurisdiction to determine whether the proposed settlement is reasonable.

The trustee believes that this proposed sale is reasonable and in the best interest of the estate. The proposed sale provides an immediate and certain return to the estate, and allows the estate the potential for additional recovery without additional expense.

The agreed upon amount of $250,000.00 shall be paid to the trustee by the purchaser not later than ten (10) days after the entry of an order approving this sale. Upon payment in full, the assets shall vest in the purchaser without further order of the Court.

Finally, the trustee understands that certain claims under Sec. 523 are being pursued by Asset Group. To the extent that there is an actual or potential conflict of interest in the pursuit of those claim and the potential recovery that is due to the estate under this sale, the trustee expressly waives that conflict, if any.

**WHEREFORE**, the trustee prays for the entry of an order approving a compromise with the debtor as set forth herein.

DATED June 8, 2010.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake
11811 North Tatum Boulevard
Suite 3031
Phoenix, Arizona 85028-1621

3

APPROVED AND AGREED:

*Vishnu R. Jonnalagadda, Esq.*
*on behalf of*

**RANDY NUSSBAUM**
NUSSBAUM & GILLIS, P.C.
14500 N. NORTHSIGHT
BLVD. - #116
SCOTTSDALE, AZ 85260
480-609-0011
Fax : 480-609-0016
Email: rnussbaum@nussbaumgillis.com
Attorneys for Purchaser

4